IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DERRICK SCOTT**                                                                              **PETITIONER**
**# 26724-044**

**V.**                                                    **CIVIL ACTION NO. 3:16CV388 HTW-LRA**

**WARDEN UNKNOWN MARTIN**                                                  **DEFENDANT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner filed the instant petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi. Petitioner challenges the Bureau of Prison's ("BOP") disciplinary proceedings while housed at the FCC in Forrest City, Arkansas, which resulted in the loss of good-conduct credit and the extension of his prison term. He specifically claims that BOP officials violated his rights to due process and equal protection.

Pursuant to the Court's order of February 5, 2019, Respondent advises that Petitioner was released on June 18, 2018. However, the docket reflects that Petitioner has not provided this Court with a current address since his release from BOP custody and has not communicated with the Court since April 3, 2017. The undersigned therefore recommends that Petitioner's § 2241 petition, which seeks an early release, be dismissed for lack of a case or controversy.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citation omitted). The "case or controversy" requirement subsists throughout the

case during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis*, 494 U.S. at 477-78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). "A case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Valentine v. Pearson*, No. 5:10cv160 DCB-JMR, 2011 WL 2680716, at *2 (S.D. Miss. May 11, 2011) (quoting *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)). A petitioner must demonstrate "some concrete and continuing injury other than the now-ended incarceration or parole ─ some 'collateral consequence' of the conviction." *Spencer*, 523 U.S. at 7. Thus, "[f]or the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he filed the petition, and that his subsequent release has not rendered the petition moot." *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

Although Petitioner was in custody when he filed the petition, he has not made the requisite showing since his release from custody. Consequently, he has not demonstrated that his petition presents a concrete and continuing injury for this Court to retain jurisdiction.

The instant petition is also subject to dismissal for want of prosecution and failure to comply with the Local Rules requirement to maintain a current address with the Court. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses

2

inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)). Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See* Local Rule 11(a); *Wade v. Farmers Ins. Group*, 45 F. App'x 323 (5th Cir. 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute -- even incarcerated litigants must inform the court of address changes).

Given his failure to demonstrate a continuing injury since his release, as well as his failure to maintain a current address with the clerk of the court, the undersigned recommends that his Petition be dismissed without prejudice. Alternatively, if Petitioner files a timely objection to this Report and Recommendation, demonstrating that his claims were not rendered moot by his release from custody, he should be allowed to proceed on his claims.[1]

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of

---

[1] The undersigned is mindful of the futility in providing Petitioner an opportunity to notify the Court of collateral consequences given that the Court is unable to contact him because he has failed to maintain a current address with the Court. Nevertheless, Petitioner should be afforded the opportunity should he file a timely objection to this report and recommendation.

the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on April 30, 2019.

    s/ Linda R. Anderson  
UNITED STATES MAGISTRATE JUDGE
